# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>     v.<br><br>IGNACIO BELTRAN,<br><br>                           Defendant. | CASE NO. 1:13-CR-000221-LJO-SKO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 31) |

Before the Court is Defendant Ignacio Beltran's *pro se* motion to reduce his sentence (Doc. 31), under section 1B1.10(b)(1) of the United States Sentencing Guidelines ("U.S.S.G") and Amendment 782 ("the Amendment") to the U.S.S.G.,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the instant motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. Doc. 35. The Office of the Federal Defender filed notice that it did not recommend appointment of counsel in this case. *See* Doc. 37. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I.  BACKGROUND

On March 17, 2014, Defendant pleaded guilty to one count of Possession With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). PSR at ¶ 1; Doc. 22.

Defendant's PSR recommended a total offense level of 29. PSR ¶ 27. The applicable guideline for Defendant's offense is § 2D1.1, which predicates the base offense level upon the amount of drugs involved in the case. Under the version of § 2D1.1 applicable at the time the PSR was prepared, if an offense involves between 5 kilograms and 15 kilograms of cocaine, the applicable offense base offense level is 32. *See* U.S.S.G. § 2D1.1(c)(4) (2013). Thus, because Defendant's offense involved approximately 9.003 kilograms of cocaine, the PSR determined his base offense level to be 32. PSR ¶ 18. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 35. *Id.* at ¶¶ 25-27. At a total offense level of 29, with a criminal history category of II, the Guidelines range was 120-121 months of imprisonment. *Id.* at 13. The PSR additionally noted that as Defendant has a prior conviction involving the possession of a controlled substance for sale, he is subject to a mandatory minimum sentence of 120 months. *Id.* Therefore, the PSR recommended a sentence of 120 months of imprisonment.

On September 14, 2015, this Court sentenced Defendant to a 120-month term of imprisonment pursuant to the PSR's recommendation. *See* Doc. 29.

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table

and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015). "[T]he only 'appropriate use' of sentence modification proceedings under section 3582(c) is to adjust a sentence in light of a Guidelines amendment," so courts may not use such proceedings "as a 'full resentencing' that reconsiders a sentence based on factors unrelated to a retroactive Guidelines amendment." *United States v. Fox*, 631 F.3d 1128, 1132 (9th Cir. 2011).

**III.   DISCUSSION**

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

Here, under Amendment 782, the adjusted drug quantity table reduces Defendant's base offense level from 32 to 30, because his offense involved between 5 kilograms and 15 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(5). Taking into consideration the 3-level reduction for acceptance of responsibility, and Defendant's criminal history category of II, the amended guidelines range would be 78 to 97 months. *See* U.S.S.G. Sentencing Table (2014). However, Defendant was sentenced pursuant to a statutory mandatory minimum for his offense. PSR at ¶¶ 50, 74; 21 U.S.C. §§ 841(a)(1), (b)(1)(A). As a result, the Court lacks authority to reduce further Defendant's sentence. *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009); *see also United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (§ 3582(c) proceedings have a "narrow scope" and are not intended to be plenary re-sentencings).

The Court therefore finds that Defendant is not eligible for a sentence reduction under § 3582(c) because the Court has imposed the statutory mandatory minimum term of imprisonment. *Paulk*, 569 F.3d at 1096. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the Court does not have the authority to reduce Defendant's sentence below the mandatory minimum. To the extent that Defendant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As Defendant not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

**IV.   CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Ignacio Beltran's motion to reduce his sentence (Doc. 31) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **February 1, 2016**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE