# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>IGNACIO BELTRAN,<br><br>          Defendant. | CASE NO. 1:13-CR-000221-LJO-SKO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE RELIEF UNDER THE FEDERAL PRISON BUREAU NON-VIOLENT OFFENDER RELIEF ACT OF 2003<br><br>(Doc. 33) |

Before the Court is Defendant Ignacio Beltran's Motion for Sentence Relief Under the Federal Prison Bureau Non-Violent Offender Relief Act of 2003. Doc. 33. The Government has opposed the instant motion on the basis that there is no ascertainable post-conviction relief procedure that would support Defendant's Motion. Doc. 36. For the following reasons, the Court will deny the motion.

On March 17, 2014, Defendant pleaded guilty to one count of Possession With Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Presentence Report ("PSR") (Doc. 27) at ¶ 1; Doc. 22. On September 14, 2015, this Court sentenced Defendant to a 120-month term of imprisonment pursuant to the PSR's recommendation. *See* Doc. 29.

"Once a sentence of imprisonment has been imposed, that sentence generally is treated as final." *United States v. Navarro*, 800 F.3d 1104, 1110 (9th Cir. 2015) (citing 18 U.S.C. § 3582(b)). 18 U.S.C. § 3582(c) establishes the limited circumstances in which a district court may modify an imposed sentence. Specifically, the court may modify the term of imprisonment upon a motion made

by the Director of the Bureau of Prisons, where "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," and in cases where a defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

In the instant motion, Defendant seeks sentence relief under the "Federal Bureau Non-Violent Offender Relief Act of 2003; H.R. 3575(a)," which he claims amends 18 U.S.C. § 3624, Release of a Prisoner, to provide that the Bureau of Prisons "shall release from confinement" a prisoner who has served one-half or more of his term of imprisonment (including any consecutive term or terms of imprisonment) if that prisoner is 45 years of age, has never been convicted of a crime of violence, and has not engaged in any violation of institutional disciplinary regulations. Doc. 33 at 1-2. Defendant claims to satisfy these requirements. *Id.* at 2. However, Defendant's request lies outside the narrow circumstances that Congress has established for sentence reductions, as it cites legislation that has not been enacted as its basis. "The Federal Prison Bureau Nonviolent Offender Relief Act of 2003 is not a validly enacted federal law, but a bill on which neither house of the U.S. Congress voted." *United States v. Lara-Nausa*, 2011 WL 2610559 (S.D.N.Y. June 21, 2011) (citing Federal Prison Bureau Nonviolent Offender Relief Act of 2003, H.R. 3575, 108th Cong. (2003)). As of the date of this Order, 18 U.S.C. § 3624 contains no such provision as described in Defendant's motion. *See* 18 U.S.C. § 3624 (2015). Therefore, because no statute grants the authority to modify a sentence on the grounds set forth in Defendant's motion, the Court must deny the motion.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Ignacio Beltran's motion for sentence relief (Doc. 33) is **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.
IT IS SO ORDERED.

   Dated:   **February 1, 2016**            /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE